ANNA BENKENDORF, Appellant *vs.* FREDERICA VINCENZ, *et al.*, Respondent..

1. *Mortgages and Deeds of Trust—Sales—Advertisement—St. Louis Legal Record—Publication in, imparted notice.*—The St. Louis County Legal Record and Advertiser was a newspaper, for the purpose of publishing judicial notices, and an advertisement in that paper of a sale under a Deed of Trust imparted notice, and satisfied the requirement of the deed. (Kellogg vs. Carrico, 47 Mo., 157, affirmed.)

2. *Mortgages and Deeds of Trust—Sale under Deed of Trust—Sale of property in a lump, not per se sufficient to invalidate sale.*—The mere fact that property conveyed by Deed of Trust is sold under the deed, in gross, is not *per se* sufficient to invalidate the sale. There must be some attendant fraud or unfair dealing or abuse of the confidence reposed in the trustee, in order to obtain the aid of a court of equity to divest a title acquired under such a sale.

*Appeal from St. Louis Circuit Court.*

*John F. Darby,* for Appellant.

I. The bill charges that one of the papers in which the advertisement of the Trustee was printed, the St. Louis County Legal Record and Advertiser, was not a newspaper in the proper sense of the word, and that therefore a publication therein was not sufficient.

This is fully admitted by the first three defendants, who made default and filed no answer; and it is not denied in the answer of the other defendant, who was permitted to answer, so that the facts as charged are admitted by all the defendants; and therefore the advertisement was not published as required by the terms of the Deed of Trust.

II. The property was sacrificed at what was less than half its value, viz: $960, being sold in a lump and not in lots as it should have been, and as it had been done more than eight years before, when Benkendorf bought it at public sale, and when it was sold in separate lots, one lot at a time, and when he paid more than two thousand dollars for the same property, as shown by the evidence; when there were no improvements to any extent near or in the neighborhood of this property. He in like manner when he executed the Deed of Trust to Hertter, the Trustee, deeded and described the lots one at a time, and numbering and describing them as they had been

numbered and described when sold by the city; and the money was borrowed on them as numbered, when the money was borrowed of Frederica Vincenz. The Trustee Hertter, put up the whole six lots and sold them in a lump, when there was not a single bidder present, except Steele the agent of Frederica Vincenz. This is admitted in the answer, and is attempted to be justified on the ground that it was suburban property, outside the city. This was clearly against right and justice and was a violation of the duties of the trustee; and the property should have been sold in lots, according to the sub-division, one lot at a time, as it had been sold originally by the City of St. Louis, when the same property had been sold for more than double the amount, some eight years and a half before. The Trustee in making the sale, is the agent of both parties. (27 Mo., 77 ; Goode vs. Comfort, 39 Mo., 313.)

"Sale of land and town lots *en masse* which are susceptible of division, is illegal, and the sale will be set aside." (Day vs. Graham 6 Ill., 435 ; Woods vs. Morrell, 1 John. Ch., 103 ; Wakefield vs. Campbell, 20 Maine, 393.) And the rule becomes directly imperative, that where the lots have been previously sub-divided into separate and distinct lots, that the division shall not be disregarded by the trustee, and the lots sold in a lump or one body, as if no such division had been made. (Fine vs. St. Louis Public Schools, 30 Mo., 166 ; Chesley vs. Chesley, 49 Mo., 540; Greenl. Evid., § 316 ; Evans vs. Wilder, 5 Mo., 319 ; S. C., 7 Mo., 362 ; Evans vs. Ashley, 8 Mo. 177 ; Hill on Trusts., 479-480-495 ; Lewis on Trusts, 367 ; Gray vs. Shaw, 14 Mo., 341 ; Rector vs. Hart, 8 Mo., 460 ; 2 Am. Law Reg., 712 ; 27 Mo. 77 ; Conway vs. Nolte, 11 Mo. 76 ; Goode vs. Comfort, 39 Mo. 313.)

*Finkelnburg & Rassieur*, for Respondents.

I. Selling in a lump is not *per se* ground for setting aside a trustee's sale. It is a matter of discretion with the trustee under all the circumstances of each case. (Goode vs. Comfort 39 Mo., 313 ; Taylor's Heirs vs. Elliott, 32 Mo., 175 ; Kellogg

vs. Carrico, 47 Mo., 157; Carter vs. Abshire, 48 Mo., 300; Ross vs. Mead, 10 Ills., 171; Gillespie vs. Smith, 29 Ill., 473; Singleton vs. Scott, 11 Iowa, 576.)

The true question in all such cases, is not whether the property was or was not sold in a lump, but whether such a mode of selling was in fact an act of unfairness in the particular case, and resulted in such injury to the debtor as to warrant the Court in exercising its equity powers for the purpose of setting aside the sale. There is no inflexible, arbitrary rule, requiring a sale in sub-divisions in all cases.

A paper devoted to the gathering up and dissemination of legal news is a newspaper, and in that sense the St. Louis Legal Record and Advertiser was a newspaper, and publication in it imparted notice of a sale under this deed of trust. (Kellogg vs. Carrico, 47 Mo., 157.) The act of March 5th, 1861, (Session Acts 1861, p. 100) requires all notices of sale under deeds of trust to be advertised in this paper, and the act was not repealed until March 23, 1863.

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit in the nature of a bill in Chancery, instituted in the Circuit Court of St. Louis County by Anna Benkendorf, against Frederica Vincenz and others, for the purpose of canceling a certain deed of conveyance executed to said Vincenz by one Hertter, as trustee, (under a deed of trust made to the latter in the year 1859, by Oswald Benkendorf, deceased, former husband of plaintiff,) of lots 5, 6, 7, 8, 9 and 10, of Block 1 of the first sub-division of the City Commons, to secure a loan of $900 (from said Vincenz, to said Benkendorf—) and also to cancel a conveyance for the same property subsequently made by said Vincenz to Fritchy and wife, who together with the trustee were also made parties defendant to the proceeding.

The petition, as grounds for the relief sought, charges fraud and divers irregularities and abuses in the advertisement and conduct of the sale, which took place in October, 1862, after the death of the grantor, and nearly two years after the maturing of the note. This suit was brought in 1870.

There are many minor exceptions scattered through the record, which are not worthy of specific attention, and consideration will therefore only be given to the two points which constitute the chief basis of complaint, viz:

First, that the "St. Louis County Legal Record and Advertiser," in which was printed the advertisement for the sale of the property under the deed of trust, was not a "newspaper."

Second, that the property was sold "in a lump."

The first point was expressly decided by this court in Kellogg vs. Carrico, 47 Mo., 157, in which it was held that the paper referred to was *a newspaper ;* and from that ruling I see no reason, and feel no inclination to depart.

As to the second point:

While it is true that sales of this character will be narrowly watched, and every possible safeguard thrown around the interest of him who has been truly called "a servant to the lender ;" yet the *mere fact* that the property conveyed by deed of trust is sold *in gross* is not *per se* sufficient to avoid the sale; and no case that I am aware of has gone to that length. There must be some attendant fraud, unfair dealing, or abuse by the trustee of the confidence reposed in him; or some resulting injury from a sale made in this way, in order to obtain the aid of a court of equity to divest a title thus acquired.

In the very nature of things some latitude of discretion ought in this regard to be allowed the trustee, indeed the very instrument conferring the power, contemplates this, and so long as his acts are free from any suspicion of bias, and that discretion is not arbitrarily nor unsoundly exercised, those acts will be exempt from equitable interference.

The evidence in this case, of which thorough examination has been made, by no means discloses anything in support of the charges contained in the petition ; but on the contrary it would seem that the transaction is susceptible of but one construction, that of fairness and good faith, and that the property in question brought all that it was worth, or at least, all

that it would have brought, even if sold " lot by lot " in those troublous times—during which the sale referred to took place.

For these reasons, the judgment rendered in the court below in favor of the defendants, will, with the concurrence of the other Judges be affirmed.