GEORGE RAILTON

*v.*

JOHN LAUDER.

*Filed at Ottawa November 15, 1888.*

PUBLICATION OF NOTICE—*in "Chicago Daily Law Bulletin."* From the evidence in this case the court holds that the "Chicago Daily Law Bulletin" is a secular newspaper of general circulation, within the meaning of the statute, (chap. 100, sec. 5,) and that notices to non-resident defendants may properly be published therein.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. D. S. GOODING, for the appellant.

Messrs. KNICKERBOCKER & HOLDOM, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellee having begun his suit in attachment against appellant, alleging in his affidavit that appellant was a non-resident of this State, the clerk caused to be published the required notice, in a paper called the "Chicago Daily Law Bulletin," published in the city of Chicago. Judgment was entered by default, and appellant subsequently moved to set it aside, on the ground that the notice was not published in "a secular newspaper of general circulation," published in the city of Chicago or in Cook county, as required by chapter 100, section 5, of our statute. The motion was overruled, and; on appeal, the Appellate Court for the First District affirmed the judgment of the circuit court, but gave a certificate of importance, on which this further appeal is prosecuted.

The only question presented for our decision is, whether or not the "Chicago Daily Law Bulletin" is a secular newspaper of general circulation, published in the city of Chicago.

In support of the motion to set aside the judgment in the circuit court, the affidavit of David S. Gooding was filed; but it only states that the paper attached to his affidavit, marked exhibit "A," is one of the numbers of the issue of the paper in which the notice was published. A counter affidavit by one of the publishers of the paper was also filed, to which were attached six copies of the same, made exhibits. This affidavit states that the "Chicago Daily Law Bulletin" is a secular newspaper published in the city of Chicago, Cook county; that it is in general circulation throughout the city and county, and the State of Illinois, among judges, lawyers, real estate dealers, brokers, merchants, and business men generally; that its circulation is confined to no particular class or calling in the community, but is in general circulation, and has been published for thirty years; that it is published and circulated every secular day in the week, and is a daily secular newspaper; that while its columns are devoted largely to legal matters and court notices, yet it contains varied advertising matters, confined to no one calling or trade, and that there is published in it also news and information of a general secular character. These two affidavits being the only proof offered by the respective parties on the hearing below, we are left entirely to the affidavit last mentioned, and an inspection of the several copies made exhibits, for information as to the real character and circulation of the paper.

The affidavit of the publishers shows that the publication is made in the city of Chicago, and that the paper is one of general circulation, and these facts are wholly uncontradicted. We must also accept as true his statement that it is a secular newspaper, and that there is published in it news and information of a general secular character, unless, upon an inspection of the copies filed with the affidavits, we are convinced that such statements are false. In fact, all that is offered by appellant in support of his motion, either by way of proof or argument, is to invite our attention to the copies of the paper

attached to the two affidavits.   We are not prepared to say, from what appears in these numbers, alone, that the sworn statements of the publisher are untrue, and must therefore hold the paper in question to be a secular newspaper of general circulation, within the meaning of the statute,—sec. 5, chap. 100.   *Kerr et al.* v. *Hitt,* 75 Ill. 51.

It follows that the judgment of the Appellate Court should be affirmed.                                *Judgment affirmed.*