### ROBERT MAASS ET AL.
### v.
### FRIEDRICH HESS.

*Newspapers—Notices—Sec. I, Chap. 100, R. S.—Sheriff's Sale.*

1.   This court holds that a weekly publication named, is a "newspaper" within the meaning of Sec. 1, Chap. 100, R. S.
2.   Where such paper is published by a corporation, it can, under Sec. 1, make a certificate of the fact of publication therein.

[Opinion filed July 23, 1891.]

IN ERROR to the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. WILLIAM M. POTTS, for plaintiffs in error.

Mr. HERMAN VOLLMER, for defendant in error.

Messrs. MOSES & PAM, for the sheriff of Cook County.

GARY, J.   The only question upon this record is whether "The National Corporation Reporter," a weekly publication

of twenty pages, including a colored cover of four pages, three of which are occupied with advertisements, and the front one by the title, and the intermediate ones with reading matter, mainly, but not exclusively, relating to law and finance of interest to corporations, is a newspaper, within the meaning of Sec. 1, Chap. 100, R. S., Notices. Since the decision of Railton v. Lauder, 126 Ill. 219, it can not be questioned that its contents entitle it to that appellation.

Being published by a corporation, 't is objected that the corporation can not, under that section, make a certificate of the fact of a publication in the paper   The words of the section require a "certificate of the publisher by himself or his authorized agent;" yet a woman, under clause 4, or a corporation, under clause 5, of Sec. 1, Chap. 131, R. S., may comply with Sec. 1, Chap. 100.

The order of the Circuit Court, refusing t› set aside a sheriff's sale, of which notice was published in the Reporter, is affirmed.

*Order affirmed.*