WALTER F. CROWELL *vs.* WILLIAM T. PARKER.

PROVIDENCE—APRIL 16, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Mortgage Sales.    Public Newspapers.    Specific Performance.*

"The Real Estate Register and Rental Guide" is not a "public newspaper" within the meaning of that term as contained in the power of sale in a mortgage deed, and hence notice of sale published therein was not a compliance with the power.

BILL IN EQUITY for specific performance.   The facts are sufficiently stated in the opinion.   Heard on bill and answer. Bill dismissed.

MATTESON, C. J.    This is a bill for specific performance brought to compel the purchaser at a mortgage sale of real estate to take a deed to the property sold.

(1)    The only question raised is whether "The Real Estate Register and Rental Guide" is a public newspaper within the meaning of the power of sale in the mortgage.   The powers of sale contained in mortgages of real estate in this State were framed many years ago, when the only newspapers were newspapers in the ordinary acceptation of the term, to wit :    Publications issued periodically, containing what is known as the general or current news, or news of the day,

designed to be read by the public generally ; or, in other
words, for general circulation.   These being the only publi-
cations in the form of newspapers, the practice grew up, and
has continued, to publish notices of mortgage sales and legal
notices generally in the ordinary newspapers for general cir-
culation, and we think that publicity is more likely to be
secured by such publication than by publication in a news-
paper like the one in question, which is primarily devoted to
the interests of a limited class of readers, and which, though
taken up largely, as its name imports, with transactions con-
cerning real estate, has never been employed, so far as ap-
pears, as a medium for advertising notices of mortgage sales
or other legal notices, and which, for that reason, is not likely
to be consulted by those interested in mortgage sales.   Our
opinion, therefore, is that it is not such a newspaper as is
contemplated by the power of sale, and hence that notice of
the sale published in it was not a compliance with the power.
*Beecher* v. *Stephens*, 21 Minn. 146.

In *Kerr* v. *Hitt*, 75 Ill. 51; *Railton* v. *Lauder*, 126 Ill.
219; *Maass* v. *Hess*, 140 Ill. 576; *Kellogg* v. *Carrico*, 47 Mo.
157; *Beckendorf* v. *Vincenz*, 52 Mo. 441; *Lynch* v. *Durfee*,
24 L. R. A. 793, to which our attention has been called by
complainant's counsel, the newspapers, though devoted pri-
marily to the interests of particular classes of readers, had
either been extensively used for the publication of notices of
sales and other legal notices, or were newspapers or had been
found by lower courts to be newspapers of general circula-
tion ; in which respect they were unlike the newspaper under
consideration.   *Hull* v. *King*, 38 Minn. 349, also cited by
complainant's counsel, apparently rested on the authority of
the Illinois and Missouri cases referred to, although the pub-
lication in this last case was unlike those in the former in
that it did not appear to have been employed for the adver-
tising of legal notices or to have been of general circulation.
We do not deem it of sufficient authority for us to follow it.

*Cooke & Angell*, for complainant.

*E. S. Hopkins*, for respondent.