KATHERINE B. BRICE, Appellee, v. BERT GRAVES ET AL., Appellants.

Service of notice: PUBLICATION: WHAT CONSTITUTES A NEWSPAPER. A daily paper published regularly for four years with a paid subscription of two hundred copies, circulating chiefly among all

classes of business men, containing advertising matter, court proceedings, transfers of property, and items of local and foreign news, and admitted to the mails under like rules with all other newspapers, is a newspaper within the contemplation of Code, section 3535, providing for the publication of an original notice in some newspaper printed in the county where the petition in the action is filed.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

THURSDAY, JUNE 3, 1909.

THIS is an appeal from an order of the district court denying a motion of defendant to set aside a decree against him.—*Affirmed.*

*McHenry & Graham,* for appellant.

*Dunshee & Haines,* for appellee.

EVANS, C. J.—On September 17, 1906, the plaintiff obtained a decree against the defendant et al. quieting title to real estate in Polk County. The defendant Bert Graves, appellant herein, was a nonresident and was served by publication of the original notice in due form in the Des Moines Daily Record. On November 7, 1908, he filed a motion to set aside the decree rendered against him on the ground that no legal notice had been served upon him. The specific ground of attack upon the sufficiency of the notice is that the Des Moines Daily Record is not a "newspaper" within the meaning of section 3535 of the Code. In resistance to such motion, a showing of facts was made by the plaintiff in the form of affidavits tending to show that the Des Moines Daily Record was a "newspaper" within the meaning of the statute. To the showing of facts thus made, the defendant demurred, and his demurrer was overruled. From the order overruling

such demurrer, and from the further order denying his motion, the defendant has appealed.

No question is raised by either party as to the method of pleading or of procedure, but both parties confine their discussion to the substance of the contention, as already indicated. The facts set forth in the following affidavit must be deemed admitted by the demurrer:

I, Alice E. Kennedy, on oath depose and say: That I am editor of the Des Moines Daily Record; that the said Des Moines Daily Record has been published regularly in the city of Des Moines for the past four years; that it has an actual *bona fide* paid subscription of more than two hundred copies daily; that its subscribers are not made up of any one class or profession; that it has a large paid subscription list among bankers, abstracters, lawyers, wholesale merchants, retail merchants, brokers, real estate agents, rental agents, architects, bonding companies, public and private contractors, railroads and the public service corporations in addition to its large general subscription list; that the paper is generally and regularly read and examined by a very large portion of the best business men in Polk County; that it contains a large and varied advertising list covering many lines of business; that it publishes the latest news in regard to ordinances, resolutions of the city council, building and improvement, and also reports and cites items of local and foreign news, as well as other miscellaneous items of interest; that it publishes from day to day the latest news in regard to transfers of both real and personal property, either by deed, mortgage, or bill of sale; that it is the only paper in the city of Des Moines giving complete news in regard to building permits and new building enterprises; that it publishes always all news relating to court proceedings in the State and the United States courts and justice court; that it is the only paper which publishes each day the complete news in regard to probate matters; that it has for more than three years been admitted to the United States mails under the same rules which govern the admission of all other newspapers; that it has for more than

a year by rule of court been made the official paper of the district court of Polk County, Iowa.

Section 3535 of the Code is as follows:

The publication must be of the original notice required for the commencement of action, once each week for four consecutive weeks before or after the filing of the petition in some newspaper printed in the county where the petition is or will be filed, which paper shall be determined by the plaintiff or his attorney.

It will be observed that the provisions of our statute are very general, and the only question for our determination is whether the publication in question is in legal sense, a "newspaper."

The question involved has not heretofore been before this court. We find many precedents, however, from other courts, where it has been quite uniformly held that such a publication is a newspaper. *Merrill v. Conroy*, 77 Neb. 228 (109 N. W. 175); *Hall v. Milwaukee*, 115 Wis. 479 (91 N. W. 998); *Lynch v. Durfee*, 101 Mich. 171 (59 N. W. 409, 24 L. R. A. 793, 45 Am. St. Rep. 404); *Kerr v. Hitt*, 75 Ill. 51; *Railton v. Lauder*, 126 Ill., 219 (18 N. E. 555).; *Kellogg v. Carrico*, 47 Mo. 157; *Lynn v. Allen*, 145 Ind. 584 (44 N. E. 646, 33 L. R. A. 779, 57 Am. St. Rep. 223). The only cases cited by appellant to the contrary are: *Beecher v. Stephens*, 25 Minn. 146; *In re Charter Application*, 11 Phila. 200; *Crowell v. Parker*, 22 R. I. 51 (46 Atl. 35, 84 Am. St. Rep. 815). In the first of the above *contra* cases it was held that the Northwestern Reporter was not a newspaper. In the other two cases the statutes under consideration in the one case called for a "newspaper of general circulation," and in the other a "public newspaper." These cases are therefore of little assistance in the case at bar. By referring to a copy of the publication in question, which is set forth as

an exhibit in the record, it must be conceded that its news, as distinguished from mere formal matters of record, is very meager indeed. There is much to be said in favor of requiring a publishing of original notice to be made in a newspaper of more general circulation than the publication in question; but this is an argument to be addressed to the Legislature, and not to the court. We feel constrained to fall in line with the authorities already cited, and to hold that this publication answers the call of the statute as a "newspaper."

The judgment below must therefore be *affirmed.*