[L. A. No. 7218. In Bank.—February 27, 1923.]

In the Matter of the "LABOR JOURNAL," a Newspaper Desiring Designation by Law as "A Newspaper of General Circulation."

[1] NEWSPAPERS—PAPER OF GENERAL CIRCULATION—SUFFICIENCY OF EVIDENCE.—In a proceeding to have it adjudged that a certain newspaper is one of general circulation, as that term is defined by section 4460 of the Political Code, where the evidence discloses that the newspaper is devoted primarily to the interest of the labor unions and to the dissemination of union labor news, and that its circulation is principally among members of such unions in the county, but it also establishes that it publishes local and

telegraphic news of a general character and of interest to the public generally, and that at least one-quarter of its subscribers are persons not affiliated with organized labor, the evidence sustains a judgment for the petitioner.

[2] ID.—PAPER DEVOTED TO PARTICULAR CLASS.—The fact that a newspaper is devoted to the interest of a particular class of persons, as, for instance, those engaged in the same business or calling, and specializes on news and intelligence primarily of interest to that class, will not exclude it from classification as a newspaper of general circulation if, in addition to such special news, it also publishes news of a general character.

[3] ID.—EVIDENCE.—In such a proceeding there is no error in rejecting evidence which, if admissible at all, is merely cumulative of what already appears directly from copies of the journal which are admitted.

APPEAL from an order of the Superior Court of San Bernardino County granting a petition to have a newspaper designated a newspaper of general circulation. J. W. Curtis, Judge. Order affirmed.

The facts are stated in the opinion of the court.

John A. Hadaller for Petitioner.

Leonard, Surr & Hellyer for Contestant.

KERRIGAN, J.—This is an appeal from an order granting the petition of one John K. Tibbitts that the "Labor Journal," a weekly newspaper published in the city of San Bernardino, be adjudged to be a newspaper of general circulation as that term is defined by section 4460 of the Political Code.

Notice of the time and place set for the hearing of such petition having been duly published, H. S. Webster, for himself and for the "Sun Company," a copartnership, appeared and filed an answer to said petition in opposition to the granting thereof. In said answer it was alleged that said "Labor Journal" is not a newspaper of general circulation, for the reason that it is devoted to the interest of a particular class, and, therefore, comes within the description contained in said section 4460 of the Political Code of what is not a newspaper of general circulation, reading as follows: "A newspaper devoted to the interests, or published

for the entertainment or instruction of a particular class, profession, trade, calling, race, or denomination, or for any number of such classes, professions, trades, callings, races or denominations, when the avowed purpose is to entertain or instruct such classes, is not a newspaper of general circulation."

A hearing having been had, in which evidence was introduced both by the petitioner and the contestant, the court found as facts that ever since the twenty-first day of November, 1919, and for more than one year prior to the filing of said petition, "The Labor Journal" has been and now is an established weekly newspaper, printed and published in the city of San Bernardino; that it publishes news of local and general interest and also telegraphic news and intelligence pertaining to affairs throughout the United States; also advertisements of a mercantile and professional nature and of mechanical matters; that it has a *bona fide* list of more than twelve hundred subscribers, over three hundred of whom have no affiliation with any labor organization; that said newspaper is on file in many public places for the enlightenment and benefit of the public at large; that the said journal is devoted not to the interest, nor is it published for the entertainment and instruction of a particular class, profession, trade, calling, race, or denomination, but that the purpose of the publisher thereof is to have the journal circulate among as many different classes of people as possible.

The contestant appeals from the judgment entered in conformity with these findings, and urges that the essential parts thereof are not supported by the evidence.

A reading of the evidence satisfies us that they are sustained thereby. Briefly, it is as follows: The petitioner, who is the business manager of said newspaper, testified:

"It [the "Labor Journal"] is published for all classes. The object of the 'Labor Journal' is to acquaint the people with facts pertaining to general news, local news, and the industrial news, that is, a combination of general news. That is the purpose of it. We do not aim to cater to any particular class or profession or trade or calling."

Another witness testified: "I am the editor of the 'Labor Journal,' and have been for approximately two months. During that time we have been publishing news of a local general interest to the people. . . . About seventy-five per

cent of the news of the 'Labor Journal' in the last two months has been of a local general character. . . . The 'Labor Journal' publishes telegraphic news. . . . I have no instructions from my employers as to how much news I should publish. We ordinarily publish about four columns of telegraphic relay news. That is information of a general character. We print athletic news, society news, club news and news concerning the municipal affairs of the City of San Bernardino, and also of the County of San Bernardino.''

On cross-examination this same witness testified: ''I would hardly say the chief news we print pertains to organized or union labor. We print some news of the happenings of organized labor, as we consider it news of general interest. It is not a matter of fact that the paper is largely compiled with news that will interest organized labor. I would say that it would interest organized labor but not organized labor alone or only.''

Copies of two issues of the paper were admitted in evidence, and a reading of these to some extent confirms the testimony of these witnesses.

[1] While it cannot be denied that a review of all the evidence discloses that the newspaper is devoted primarily to the interest of the labor unions and to the dissemination of union labor news, and that its circulation is principally among members of such unions in the county of San Bernardino, yet it also establishes that it publishes local and telegraphic news of a general character and of interest to the public generally, and that at least one-quarter of its subscribers are persons not affiliated with organized labor.

It is not easy to determine with precision where the line of demarcation should be drawn between a newspaper in the legal and ordinary acceptation of the term and the numerous periodicals devoted to some special purpose, circulating among a particular class, and which are for that reason disqualified from accepting advertisements required by some statutory provision to be published in a newspaper of general circulation. Many publications, such as literary, scientific, religious, medical, or legal, which are obviously aimed to reach a particular and limited class of people, are not newspapers within either the legal or ordinary meaning of the word. [2] But the fact that a newspaper is devoted to the interest of a particular class of persons, as, for in-

stance, those engaged in the same business or calling, and specializes on news and intelligence primarily of interest to that class, will not exclude it from classification as a newspaper of general circulation if, in addition to such special news, it also publishes news of a general character (20 R. C. L. 201; *In re Green,* 21 Cal. App. 138, 142 [131 Pac. 91]; *Lynch v. Durfee, Judge of Probate Court,* 101 Mich. 171 [24 L. R. A. 793, 59 N. W. 409]). As is said in the case of *Lynn v. Allen,* 145 Ind. 584 [57 Am. St. Rep. 223, 33 L. R. A. 779, 44 N. E. 646], "As a matter of fact, every newspaper is, in greater or less degree, devoted to some special interest. No one, however, would claim that because a newspaper should, for example, be the organ of a certain political party, and especially devoted to the interests of such party, it would not therefore be a newspaper of general circulation. Yet such a newspaper is, to a large extent, read only by the members of the political party whose doctrines are advocated and expounded in its columns."

[3] There is no substantial merit in the other point urged by the appellant, namely, that the trial court erred in the rejection of certain evidence offered by it. If admissible at all it was only by reason of the inference it afforded that the "Labor Journal" was published in the interests of a class only. Such evidence would have been cumulative of what already appeared directly from the copies of the journal which were admitted, but which, nevertheless, the court held to be overcome by the other evidence in the case. No substantial injury, therefore, can be predicated upon the rejection of the testimony in question.

The judgment is affirmed.

Seawell, J., Lawlor, J., Lennon, J., Waste, J., Myers, J., and Wilbur, C. J., concurred.