[Civ. No. 11330. First Appellate District, Division Two.—March 22, 1940.]

WARREN DUNNELL, etc., Appellant, v. JAMES H. SHELLEY et al., Respondents.

Combs, Fritz & Murphine for Appellant.

Nichols, Cooper & Hickson for Respondents.

STURTEVANT, J.—The plaintiff commenced an action to obtain an injunction against the defendants to prevent them from committing acts of unfair competition. The defendants answered and thereafter they made a motion that judgment on the pleadings be entered in their favor. The motion was granted and from said judgment the plaintiff appeals.

The plaintiff's complaint is quite long. It purports to plead the facts stating a cause of action within the purview of sections 1 and 7 of chapter 477 of the Statutes of 1935, hereinafter called the Unfair Practices Act. The defendants do not contend that that statute was not properly pleaded, however, they do contend the statute is invalid and that its provisions violate section 10 of article I, section 1 of Amendment XIV, and clause 3, section 8 of article I of the federal Constitution, and also section 16 of article I and section 13 of article I of the Constitution of the State of California.

Sections 1 and 7 of said statute are respectively as follows: "Sec. 1. It shall be unlawful for any person, firm, or corporation, doing business in the state of California and engaged in the production, manufacture, distribution or sale of any commodity, or product, or service or output of a service trade, of general use or consumption, or the product or service of any public utility, with the intent to destroy the competition of any regular established dealer in such commodity, product or service, or to prevent the competition of any person, firm, private corporation, or municipal or other public corporation, who or which in good faith, intends and attempts to become such dealer, to discriminate between different sections, communities or cities or portions thereof, or between different locations in such sections, communities, cities or portions thereof in this State, by selling or furnishing such commodity, product or service at a lower rate in one section, community or city, or any portion thereof, or in one location in such section, community, or city or any portion thereof, than in another after making allowance for difference, if any, in the grade or quality, quantity and in the actual cost of transportation from the point of production, if a raw product or commodity, or from the point of manufacture, if a manufactured product or commodity. Motion picture films when delivered under a lease to motion picture houses shall not be deemed to be a commodity or product of general use,

or consumption, under this act. This act shall not be construed to prohibit the meeting in good faith of a competitive rate, or to prevent a reasonable classification of service by public utilities for the purpose of establishing rates. The inhibition hereof against locality discrimination shall embrace any scheme of special rebates, collateral contracts or any devise of any nature whereby such discrimination is, in substance or fact, effected in violation of the spirit and intent of this act. Sec. 7. The secret payment or allowance of rebates, refunds, commissions, or unearned discounts, whether in the form of money or otherwise, or secretly extending to certain purchasers special services or privileges not extended to all purchasers purchasing upon like terms and conditions, to the injury of a competitor and where such payment or allowance tends to destroy competition, is an unfair trade practice and any person, firm, partnership, corporation, or association resorting to such trade practice shall be deemed guilty of a misdemeanor and on conviction thereof shall be subject to the penalties set out in section 11 of this act.''

█ The plaintiff in anticipation of the attacks by the defendants asserts that the statute above mentioned was enacted in the proper exercise of the police power. (*Miller* v. *Board of Public Works*, 195 Cal. 477 [234 Pac. 381, 38 A. L. R. 1479].) The defendants challenge that statement and cite *Ex parte Jentzsch*, 112 Cal. 468 [44 Pac. 803, 32 L. R. A. 664]. Not questioning the authority of that case in the least, it is perfectly clear from a reading of it that it contains nothing that aids the defendants. There have been numerous unfair practice acts adopted in this country. So far as we can find the authorities all agree that such statutes may be adopted under the police power. (*Central Lumber Co.* v. *South Dakota*, 226 U. S. 157 [33 Sup. Ct. 66, 57 L. Ed. 164]; *Wholesale T. Dealers* v. *National etc. Co.*, 11 Cal. (2d) 634 [82 Pac. (2d) 3, 118 A. L. R. 486].)

█ In his next point the plaintiff contends that the Unfair Practices Act is not a price-fixing law, but only seeks to so regulate the conduct of those engaged in business, as to eliminate such unfair practices as price discrimination by any manner or means when such discrimination is done for the purpose of injuring competitors or tending to destroy competition and thus create a monopoly. He cites and relies on *South Dakota* v. *Central Lumber Co.*, 24 S. D. 136 [123

N. W. 504, 42 L. R. A. (N. S.) 804], and the opinion, in the same case, entitled *Central Lumber Co.* v. *South Dakota, supra,* rendered by the Supreme Court of the United States after it had granted a writ of error. Many other authorities to the same effect could have been cited. In the case entitled *State* v. *Langley,* 53 Wyo. 332 [84 Pac. (2d) 767, 775], which was decided by the Supreme Court of Wyoming on December 5, 1938, a most exhaustive study of the subject was made by that court. After such investigation and consideration that court stated its conclusions which fully sustain the contention of this plaintiff. The defendants cite no authorities to the contrary. They assume the Unfair Practices Act is a price-fixing law. However, the authorities just cited show they are in error in making that assumption.

The next point made by the plaintiff is that the means of regulation as set out in the act are neither arbitrary, unreasonable, nor capricious, but have a reasonable relation to a proper legislative purpose, and such regulations do not deprive anyone of his just or constitutional rights. That statement does not present an open question. The contentions of the plaintiff are clearly sustained by the full and complete analysis by the court in *Wholesale T. Dealers* v. *National etc. Co., supra,* and cases there cited. The defendants cite and rely on *Fairmont Creamery Co.* v. *Minnesota,* 274 U. S. 1 [47 Sup. Ct. 506, 71 L. Ed. 893, 52 A. L. R. 163]. That case involved a statute that was quite different from the statute before us and the case contains nothing in conflict with what we have said.

The defendants make the further attack that the Unfair Practices Act is unconstitutional in that it does not establish a clear standard of conduct by which the defendants may govern their acts. In this connection they cite cases which involved statutes of regulation. As shown hereinabove, the Unfair Practices Act prohibits and penalizes certain methods. The prohibited methods are clearly defined. There was no occasion for the setting up of "standards". In other words the defendants may transact their business in any manner they please, except that they are prohibited from doing certain specified things.

We find no merit in any of the claims that the statute violates either the state or federal Constitution. It follows that

the trial court erred in granting the motion of the defendants for judgment on the pleadings.

The judgment appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.