[Civ. No. 9113.   Third Dist.   June 4, 1957.]

In re Proposed Establishment of the Standing of PARADISE NEWS PRESS.   WALLACE D. DRIVER, Respondent, v. CALIFORNIA NEWSPAPER PUBLISHERS ASSOCIATION, INC. (a Nonprofit Corporation), Appellant.

Albert M. King and Harry Deirup for Appellant.

Frank L. Willis for Respondent.

WARNE, J. pro tem.*—This is an appeal from a decree of the Superior Court of Butte County establishing that the Paradise News Press is a newspaper of general circulation within the meaning of section 6000 of the Government Code.

The Paradise News Press is a weekly newspaper. The first issue was published on May 6, 1954, and has since been published weekly. The paper contains about equal amounts of news and advertising matter. News consists principally of local items concerning events of interest to persons living in the "ridge area" of Butte County. The paper does not print telegraphic news or editorials. It is distributed as third class mail by the post office to each family residing in the area of distribution. Approximately 3,200 papers are distributed each week. The papers are delivered by the post office to each boxholder and to each rural free delivery box. Most papers are not individually addressed. The paper had, on May 19, 1954, a paid subscription list of 254. This consisted of 206 subscribers in a part of the county known as the ridge area, comprising the Paradise, Magalia and Stirling City areas, 24 in Butte County outside of the ridge area and 24 outside of Butte County. On September 19, 1955, the number of subscribers were 251 within the ridge area, 24 in other parts of Butte County and 45 outside of the county. The ridge area has from 10,000 to 12,000 inhabitants.

Appellant contends that the Paradise News Press is

*Assigned by Chairman of Judicial Council.

not a newspaper of general circulation within the definition of section 6000 of the Government Code, which reads:

"A 'newspaper of general circulation' is a newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers, and has been established, printed and published at regular intervals in the State, county, or city where publication, notice by publication, or official advertising is to be given or made for at least one year preceding the date of publication, notice or advertisement."

Appellant claims that while the newspaper prints local news, it does not print intelligence of a general character. Copies of the paper were admitted in evidence. The copy of December 23, 1954, is fairly representative of the general character of news published. In this copy there is an article concerning a special meeting of the Board of Trustees of the Paradise Unified School District and an article concerning the candidacies of two men for membership on the Board of Directors of the Paradise Irrigation District. This article gave the background of the candidates and their policies. There is an article concerning the American Legion Post, an article concerning the change in ownership in an insurance business, an article publishing a talk on tapeworm by a doctor of veterinary medicine, an article concerning a joint meeting of the Sierra Chapter and the Sacramento Chapter of the California Association of Nursing Homes, Sanitariums, Rest Homes, and Homes for the Aged, and an article concerning the unlawful cutting of Christmas trees. There are also some social news and items of local interest and a number of advertisements. We believe that such news items are of interest to people residing within the area of publication and do constitute intelligence of a general character within the meaning of the statute. (*In re Green*, 21 Cal.App. 138 [131 P. 91].)

Appellant also raises the point that there are no editorials in the paper. But this does not mean that a paper may not be a newspaper of general circulation. There is no language in the statute requiring a newspaper to publish editorials. A newspaper may still disseminate local news and intelligence of a general character without having an editorial column. Editorials are only a part of what may be published along with other news items. Although there is language in *In re Herman*, 183 Cal. 153, 164 [191 P. 934], to the effect that in a newspaper of general circulation one should expect to find editorials, the language of the case must be read in

context. That case was reversed, because the Supreme Court concluded, as a matter of law, that the purpose of the paper, as shown by the record, was not a publication for the dissemination of local or telegraphic news of a general character. Such is not true in the case now before us.

■ There is no merit in appellant's contention that there is no bona fide subscription list of paid subscribers. The evidence established that there was a paid subscription list of 254 out of a circulation of approximately 3,200. The fact that there was considerable circulation above the subscription list would not prevent the paper from being a newspaper of general circulation. The question was one of fact for the trial court, and its decision may not be reversed on appeal in view of the evidence and the decision of the court. (*In re The Santa Ana Independent,* 75 Cal.App.2d 764, 769 [171 P.2d 548].) ■ Nor should the fact that only a few of the subscribers living on the ridge receive papers actually addressed to them necessarily invalidate the bona fides of their subscriptions. We see no real difference in using the postal service as a means of delivery from having a newsboy make deliveries by placing the paper on the subscriber's doorstep. ■ In the latter event, we believe it is a matter of common knowledge that neither the subscriber's name nor address usually appears on the paper.

We conclude that there is no merit in any of appellant's contentions.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 31, 1957.