KINGMAN. v. WAUGH *et al.*, *Appellants.*

### Division One, May 25, 1897.

1. **Practice:** NEWSPAPER: FINDING OF FACT WHEN REVIEWABLE. An agreed statement of facts, on which a cause was submitted, did not declare the ultimate fact (which was whether a certain daily publication was a *"newspaper,"* within the meaning of a deed of trust requiring an advertisement in a newspaper), but the statement recited facts which tended to show that the publication was a newspaper, and the trial court found it to be. *Held,* that the finding as to that fact was not reviewable on appeal in an action of ejectment.

2. **Statutory Newspaper:** STARE DECISIS. Evidence reviewed and held to support a finding that a certain publication was a "newspaper," according to prior decisions in Missouri, which the court accepts as conclusive, applying the maxim, *stare decisis.*

3. **Appellate Practice:** FINDING OF FACTS. In an action for the recovery of specific real property the Supreme Court has no power, on an appeal, to reverse findings of fact, where there is testimony to sustain them.

4. **Appellate Jurisdiction, by Consent.** Consent does not confer appellate jurisdiction on the Supreme Court to review an issue of fact in an action at law.

5. **Distinctions:** CASE AGREED AND AGREED STATEMENT. A distinction is noted between a case agreed (under sec. 2233, R. S. 1889) and an agreed statement of facts in lieu of other evidence.

*Appeal from St. Louis City Circuit Court*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Henry H. Denison* for appellants. With whom is *Chester H. Krum, Amicus Curiae.*

(1) As appears in the record and the statement of facts, the only point in controversy is that contended for by the appellants, to wit: That the sale was not advertised "in some newspaper printed in the English

language in the city of St. Louis," within the meaning of said deed of trust, and of the statutes of Missouri governing trustees' sales. The only point in controversy is whether the "St. Louis Daily Record" is a "newspaper" in contemplation of the statute and the powers conferred upon the trustee by the deed. *Briggs v. Briggs*, 135 Mass. 306; *Cassidy v. Cook et al.*, 99 Ill. 388; *Meacham v. Steele*, 93 Ill. 147; *Webber v. Curtiss*, 104 Ill. 309; *Beecher v. Stephens*, 25 Minn. 146.

*Stewart, Cunningham & Eliot* for respondent.

(1) The advertisement of the notice of sale in the "St Louis Daily Record" answered the requirement of the statute (R. S. 1889, sec. 7,093), and also the requirement of the deed of trust. *German Bank v. Stumpf*, 73 Mo. 311; *Clapton v. Taylor*, 49 Mo. App. 117; *City of St. Joseph v. Landis*, 54 Mo. App. 315; *Richardson v. Tobin*, 45 Cal. 30; *Tribune Publishing Co. v. Duluth*, 45 Minn. 27. (2) The "St. Louis Daily Record" is a "daily newspaper printed in the English language," within the meaning of the statute and of the deed of trust. *Dart v. Bagley*, 110 Mo. 42; 16 Am. and Eng. Ency. of Law, 491; *Pentzell v. Squire*, 161 Ill. 346; *Richardson v. Tobin*, 45 Cal. 30; *Tribune Pub. Co. v. Duluth*, 45 Minn. 27; s. c., 47 N. W. Rep. 309; *Kellogg v. Carrico*, 47 Mo. 157; *Dawson v. Dawson*, 23 Mo. App. 169; Worcester's Dictionary—"Newspaper;" Webster's Dictionary—"Newspaper;" Century Dictionary—"Newspaper;" Bouvier's Law Dictionary—"Newspaper;" Abbot's Law Dictionary—"Newspaper;" Wharton's Law Dictionary—"Newspaper;" Laws of Missouri 1885, p. 208; *Benkendorf v. Vincenz*, 52 Mo. 441; 23 Am. and Eng. Ency. of Law, 370; *Collins v. Wilhoit*, 35 Mo. App. 585; *Hull v. King*, 38 Minn. 349; *Kerr v. Hitt*, 75 Ill. 51; *Hernandez v. Drake*, 81 Ill. 34; *Lynch v.*

*Durfee,* 101 Mich. 171; s. c., 59 N. W. Rep. 409; *Norton v. Duluth,* 54 Minn. 281; s. c., 56 N. W. Rep. 80; *Lynn v. Allen,* 44 N. E. Rep. 646; s. c., 33 L. R. A. 779; *Meyer v. Opperman,* 76 Tex. 109; *Railton v. Lauder,* 126 Ill. 219; *Maass v. Hess,* 140 Ill. 576.

BARCLAY, P. J.—This is an action in ejectment to recover possession of a piece of land in St. Louis. The petition is in the ordinary statutory form. The answer is a general denial. When the case came to trial it was submitted upon a so-called "agreed statement of facts," in lieu of other testimony. It appears from that statement that plaintiff asserts his title through a sale of the land under a deed of trust executed by the principal defendant. The only substantial question in the litigation is whether or not the notice under the deed of trust was published in a *"newspaper."* The other requirements of the deed of trust are admitted to have been fully met in making the trustee's sale to plaintiff. Counsel for defendants, appellants, states the gist of the dispute in these words:

"As appears in the record and the statement of facts, the only point in controversy is that contended for by the appellants, to wit: that the sale was not advertised 'in some newspaper printed in the English language in the city of St. Louis,' within the meaning of said deed of trust, and of the statutes of Missouri governing trustees' sales."

The agreed statement recites that the notice was duly published in the *St. Louis Daily Record.* But the defendants contend that that publication is not a newspaper within the meaning of the law and of the deed of trust. The description of the paper, given in the "statement," is as follows: The *St. Louis Daily Record* "is printed and published in the English language in the city of St. Louis, Missouri, every day except

Sunday; that said publication claims on the face of it to be 'a newspaper devoted to the courts, financial, real estate, building and business interests of St. Louis;' that it is delivered each week-day morning, by carrier, in the city of St. Louis, and in outlying districts of the city by mail; that the subscription price is printed plainly upon the paper, and is not nominal, but is adhered to; that it circulates throughout the city of St. Louis, and is not confined to any particular trade, or calling, or business interest. It circulates generally among the lawyers, real estate dealers, bankers, brokers, money-lenders, bond and stock dealers, real estate speculators, and other property holders. It also circulates extensively among material men and builders, and those interested in the construction of buildings and the improvement of real estate. It is taken to a considerable extent by merchants, grocers, packing houses, provision dealers, wine and liquor dealers, brewers, dry goods merchants and commission merchants of the city of St. Louis.

"It contains daily what is claimed to be a complete list of all conveyances of real estate within the city of St. Louis, and all deeds of trust, releases of deeds of trust, chattel mortgages, permits issued for improvements upon real estate, mechanics' liens, judgments and transcripts affecting real estate, which occurred the day previous to the publication; notices of all real estate to be sold by trustees under powers contained in deeds of trust; notices of sales of real estate by administrators, executors, commissioners, or by other judicial process, both in the city of St. Louis and in St. Louis county. It contains a brief minute of the proceedings of the circuit court of the city of St. Louis; brief notices of all suits filed in said court, and the setting of such cases for trial.

"It also contains quotations of all principal stocks

and bonds on the market in the city of St. Louis; notices of assignments; bills of sale; notices of business failures; notices of new corporations formed in St. Louis.

"It also contains brief items of news of a general character.

"It contains a number of commercial advertisements, and the advertisements are not confined to any particular trade or business. It contains, from time to time, advertisements of a legal nature, such as notices of sales of real estate at auction, by trustees under deeds of trusts, notices of stockholders' meetings.

"It is further agreed that the copies of said paper bearing dates the 10th, 21st, 23d and 30th days of August, 1894, in which the advertisement of the sale of the property in controversy appeared, are fair samples of the publication known as *St. Louis Daily Record*, and the same are hereto attached, marked exhibits 'C,' 'D,' 'E' and 'F' to this agreed statement of facts.

"It is further agreed that if the court shall find from the facts hereinbefore agreed that the notice of said sale was published 'in a newspaper printed in the English language in the city of St. Louis,' within the meaning of said deed of trust and said statutes of Missouri, then the plaintiff has title to the property in controversy; and if not, then the defendant has title."

The trial court found for plaintiff. Defendants appealed, after the overruling of their motion for new trial and the due saving of an exception to that ruling. The bill of exceptions also preserves the agreed statement of facts as presented to the circuit court.

1.   Both parties on this appeal have argued and submitted the question whether the facts above recited establish the legal standing of the *St. Louis Daily Record*, as a newspaper. We have also had the bene-

fit of an interesting brief which this division allowed to be filed by counsel, as a friend of the court, to aid in our investigation of the case. All the briefs argue the merits of the question above stated. But it is, never- theless, necessary for us to determine the proper limits of our jurisdiction to review the finding of the learned circuit judge on that question in an action of this sort. Consent does not confer appellate jurisdiction on the Supreme Court to review an issue of fact in an action of ejectment. We have not now before us a case agreed under section 2233 (R. S. 1889), but merely an agreement as to certain evidential facts which agree- ment does not reach the ultimate fact, namely: as to whether the *Record* is a newspaper. That fact was left to be found by the court, and the trial court did find that fact, as it was plainly authorized to do by the language following the recital of the exhibits. The absence of agreement as to that ultimate fact can not, therefore, be regarded as a defect in the statement of the facts agreed.

In an action of ejectment for the recovery of spe- cific real property, the Supreme Court, in the exercise of appellate jurisdiction, has no power, under Missouri law, to reverse a finding of fact of the trial court where there is testimony to sustain it. *Krider v. Milner* (1889) 99 Mo. 145 (12 S. W. Rep. 461). That rule governing the proper exercise of the functions of the Supreme Court can not be abrogated by agreement of the parties so as, in effect, to call upon the appellate court to review a finding of fact in such an action as this.

If parties agree upon the ultimate facts and sub- mit to the court the questions of law arising thereon, a review of the rulings on those questions may be had on appeal, assuming that they are duly presented for re- view. But a mere statement of certain admitted facts

in lieu of testimony does not always raise a question of law.  When a statement of that sort raises merely an issue of fact, the conclusiveness of the circuit ruling thereon is no less than if the same facts had been put before the court in a different form.  The true question therefore to which the review in this appeal should be limited is whether the facts recited, descriptive of the *St. Louis Daily Record*, have a legal tendency to support the finding of the circuit court that said publication was a newspaper.

2.  In ascertaining the probative force of the facts in question, we shall not essay to give any general definition of a newspaper.  Attempts at such definition by the lexicographers and commentators on the law are easily found in various quarters, and have more or less value in reaching the meaning of the word.  16 Am. and Eng. Ency. Law [1 Ed.], 490; Abbott's, Black's, Bouvier's and Wharton's Law Dictionaries, and Stroud's Jud. Dict., "*Newspaper*."  But the case at bar does not call us to enter upon any etymological debating ground. In Missouri, as early as 1870, it was held by the Supreme Court that such a publication, as the statement in this cause shows the *St. Louis Daily Record* to be, was a "daily newspaper" within the meaning of that term as used in deeds of trust in St. Louis.  *Kellogg v. Carrico* (1870) 47 Mo. 157.  In *Benkendorf v. Vincenz* (1873) 52 Mo. 441, that ruling was followed as settled law.  Since then the term which received judicial construction in those cases has been repeated by the legislature in the act of 1885, now section 7093 (R. S. 1889) which regulates, in certain particulars, the manner of giving notices of sale under deeds of trust in the nature of mortgages.

Whatever our views may be as to the true meaning of the word "newspaper," as found in such a statute, we do not feel at liberty to depart from the

construction placed upon it by our predecessors in this place. It is obvious that the views announced by them on the question of present concern have been generally accepted in this State. Many titles to land have doubtless been acquired through sales conducted in accordance with those views. We are of opinion that the prior rulings on this point should be held conclusive and shielded by the venerable maxim, let the precedents stand. Under those rulings, the facts considered in this case by our learned brother KLEIN we can not but regard as fully warranting his finding that the *Record* is a newspaper within the meaning of the law governing the advertisement of sales under deeds of trust.

The judgment is affirmed. MACFARLANE, ROBINSON and BRACE, JJ., concur.