ANNA P. TURNEY, APPELLEE, V. NILS BLOMSTROM ET AL., APPELLANTS.

FILED OCTOBER 1, 1901. No. 10,296.

1. **Nebraska Legal News Is a Newspaper.** Record examined, and *held* that the *Nebraska Legal News* is a newspaper within the meaning of section 497 of the Code of Civil Procedure. *Hanscom v. Meyer,* 60 Nebr., 68, followed.

2. **Definition of Newspaper.** That the principal distinguishing feature of a newspaper, in contemplation of the statute, is that it be a publication appearing at regular or almost regular intervals, at short periods of time, as daily or weekly, usually in sheet form, and containing news; that is, reports of recent occurrences,—political, social, moral, religious,—and items of a varied character, both local and foreign, intended for the information of the general reader. *Hanscom v. Meyer, supra.*

APPEAL from the district court for Lancaster county. Heard below before CORNISH, J. *Affirmed.*

*Stephen B. Pound* and *Roscoe Pound,* for appellants.

*D. J. Flaherty* and *J. R. Gilkeson, contra.*

HOLCOMB, J.

The only question presented for consideration is whether the "Nebraska Legal News," in which the notice of sale was published, is a "newspaper" within the meaning of section 497 of the Code of Civil Procedure. From the record pre-

sented we arrive at the conclusion that the paper men-
tioned is a weekly publication devoted, while not exclu-
sively, more especially to the news of the courts, the
proceedings had therein, and the decisions and opinions
emanating therefrom, news of more importance to the
legal profession and those interested in the litigation car-
ried on in the courts than to the public at large.    There
are contained in the copies attached to the record aside
from the information of the character alluded to, adver-
tisements of a general character, a limited amount of gen-
eral reading matter, and some brief mention of current
events, more especially of a personal nature and confined
to the legal profession.    There is somewhat a dearth of
what may be called news of current events.    The paper
is in its sixth volume and twelfth number, and it has long
been recognized by the courts as a proper medium for the
publication of legal notices to be published in some news-
paper under the provisions of the section of the statute
mentioned.

The case at bar in all its bearings is quite similar to
the one presented to us in the case of *Hanscom v. Meyer,* 60
Nebr., 68, where the subject was discussed at some length
and the conclusion was there reached that the publication
then under consideration, one very much like the *Ne-
braska Legal News* in its make-up, scope, purpose and
circulation was a newspaper within the meaning of the
statute.    It would serve no useful purpose to again go over
the same ground and reiterate the views therein expressed.
We refer to that opinion as more fully expressing our
views regarding the subject.    Applying the rule therein an-
nounced as to what constitutes a newspaper, we are of
the opinion that the publication in the case at bar comes
within the rule and should be regarded as a newspaper
in contemplation of the section referred to.    In the absence
of legislation more clearly defining the class of newspapers
in which legal notices may properly be given, we think
that the fact that a publication may be devoted especially
to some particular object, calling, or profession or the dis-

semination of information of a special kind and yet possessing the general characteristics of a newspaper in the ordinary acceptation of the term and as defined by the courts and lexicographers, will not deprive it of its general classification as a newspaper, within the meaning of the law. While it may be true, as expressed by counsel for appellant, that the standard by which a newspaper may be defined is a liberal one, we think it must be regarded as proper in the absence of legislative restriction as to what constitutes a legal newspaper. While not wishing to be understood as favoring a more liberal standard, we do not think the court is warranted in reducing and narrowing the standard already established.

From what has been said it follows that the ruling complained of is without error and the order of confirmation should be, and therefore is,

AFFIRMED.

SULLIVAN, J., absent, not voting.