H. A. MERRILL, APPELLEE, v. LIZZIE A. CONROY ET AL., APPELLANTS.

FILED OCTOBER 4, 1906. No. 14,442.

Newspaper. The Omaha Daily Record is a "newspaper," within the meaning of section 497 of the code. *Hanscom v. Meyer,* 60 Neb. 68, and *Turney v. Blomstrom,* 62 Neb. 616, followed.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*John T. Dillon,* for appellants.

*Wharton, Adams & Morgan, contra.*

EPPERSON, C.

This is an appeal from a decree of confirmation entered in the district court for Douglas county. Appellants

*Merrill v. Conroy.*

object to confirmation on the ground that The Omaha Daily Record, the paper in which the notice of sale was published, is not a "newspaper" within the meaning of section 497 of the code, and section 11420, Ann. St.

Our statutes nowhere define the word "newspaper." The paper in question has been regularly published in the city of Omaha for 20 years and in general circulation in Douglas county. Among its subscribers are bankers, real estate agents, rental agents, architects, bonding companies, public and private contractors, public service corporations, and attorneys. It contains a large and varied advertising list covering many lines of business, and publishes news concerning city ordinances, resolutions of the city council, building improvements, transfers of real and personal property, building permits, court proceedings, probate matters, public sales, together with brief items of local and foreign news of general interest, and miscellaneous items of interest to the general reading public on political, social, moral, religious and other subjects. The publication here involved is quite similar to those considered by this court in *Hanscom v. Meyer,* 60 Neb. 68, and *Turney v. Blomstrom,* 62 Neb. 616. In our opinion the rule there announced requires the affirmance of this judgment. The Omaha Daily Record is a "newspaper" within the meaning of the law as construed by this court in the cases above cited. See also *Hall v. City of Milwaukee,* 115 Wis. 479, where authorities from other jurisdictions are reviewed.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.