## [WILLIAM F. OLSEN v. BIBB COMPANY.[1]

April 12, 1912.

Nos. 17,669—(229).

**Legal newspaper.**
> "Finance and Commerce," a daily paper published in Minneapolis, is a newspaper qualified as a medium of official and legal publications under R. L. 1905, § 5515.

In proceedings in the district court for Hennepin county for the

[1] Reported in 135 N. W. 385.

dissolution of the Bibb Company, a corporation, William F. Olsen, a creditor, made a motion for an order setting aside an order appointing C. C. Wentworth trustee of said corporation, on the ground that the publication of notice in "Finance and Commerce" was insufficient to give the court jurisdiction over said Olsen, for the reason that "Finance and Commerce" was not a qualified newspaper as required by statute. The motion was heard on stipulated facts by Waite, J., and denied. From the order denying the motion, Olsen appealed. Affirmed.

*Harry Rauch,* for appellant.

*Herbert T. Park,* for respondent.

Bunn, J.

The Bibb Company, a corporation, on December 23, 1911, petitioned the district court for Hennepin county for an order dissolving said corporation and appointing a trustee to collect and distribute its assets. The court ordered the petition heard at a special term to be held January 20, 1912, and that notice of the order be given by publishing a copy of the same in a legal newspaper in the county of Hennepin for three successive weeks. Petitioner caused the order to be published in "Finance and Commerce" for three successive weeks, and the court on January 20, after hearing the evidence, granted the petition and appointed a trustee, who qualified and proceeded to act as such. February 21, 1912, William F. Olsen, a creditor of the corporation, moved the court for an order setting aside its order of January 20, appointing the trustee, on the ground that "Finance and Commerce" was not a qualified newspaper. This motion was heard by the trial court on a stipulation of facts, and denied. Olsen appealed to this court.

The question before us is whether "Finance and Commerce" is a qualified newspaper under the laws of this state. The facts, as shown by the stipulation and the copies of the publication made part of the record, are as follows: Olsen had no actual notice of the proceedings and was not a subscriber to the paper. "Finance and Commerce" is a paper published daily in Minneapolis in the Eng-

lish language, and has been so published for more than twelve years. It consists of not less than four pages, containing six columns on each page, and is delivered each day, except Sunday, to eleven hundred paying subscribers in and near Minneapolis. In short, "Finance and Commerce" is qualified as a medium of official and legal publications, under R. L. 1905, § 5515, and the acts amendatory thereof, unless it does not comply with subdivision 3 of section 5515, providing that it shall "contain general and local news, comment and miscellany."

The stipulation states that the columns of "Finance and Commerce" are devoted primarily to the publication of legal matters, including the United States courts, the supreme court of this state, and the district, probate, and municipal courts of Hennepin and Ramsey counties, giving a complete report of the cases filed, the cases tried, and the results of such trials, the calendar of bankruptcy proceedings, the calendar of cases standing for trial in the courts, and the general proceedings of Congress and the state legislature when in session, a complete daily record of all instruments filed in the office of the registers of deeds of Hennepin county and of Ramsey county, all chattel mortgages and releases filed, all corporations organized, and all sales of real estate under judicial process. It contains "at least two or more columns of news, including general, theatrical, and current news," publishes market quotations, financial statements, and bank clearings, lists of mortgage foreclosure sales, with the dates when the same will take place, and general items pertaining to city council proceedings of Minneapolis.

It may be conceded that "Finance and Commerce" is not light reading. But each copy contains intelligence of vital importance to many classes of men. News of court proceedings, the markets, the proceedings of Congress and the legislature, is of far greater interest to lawyers and business men than is an account of a political meeting, a social gathering, or a murder. It is not the particular kind of intelligence published that constitutes one publication a newspaper rather than another. Kellogg v. Carrico, 47 Mo. 157. And "Finance and Commerce," though mainly devoted to legal and business

news, does publish each day items of general news.    The authorities from other states are practically uniform in holding that a paper like the one in question is a legal newspaper.    Kingman v. Waugh, 139 Mo. 360, 40 S. W. 884; Kerr v. Hitt, 75 Ill. 51; Turney v. Blomstrom, 62 Neb. 616, 87 N. W. 339; Puget Sound v. Times Pub. Co. 33 Wash. 551, 74 Pac. 802; Hall v. City, 115 Wis. 479, 91 N. W. 998; Brice v. Graves, 142 Iowa, 722, 121 N. W. 504; Williams v. Colwell, 14 App. Div. 26, 18 Misc. 399, 43 N. Y. Supp. 720; Railton v. Lauder, 126 Ill. 219, 18 N. E. 555; Lynch v. Durfee, 101 Mich. 171, 59 N. W. 409, 24 L.R.A. 793, 45 Am. St. 404; Lynn v. Allen, 145 Ind. 584, 44 N. E. 646, 33 L.R.A. 779, 57 Am. St. 223.    In view of these decisions, and especially in view of the great number of titles that a contrary holding would effect, we hold that "Finance and Commerce" is qualified as a medium of official and legal publications under R. L. 1905, § 5515.    The case of Beecher v. Stephens, 25 Minn. 146, is clearly distinguishable.

Appellant's argument that the paper has not a general circulation, and therefore is not qualified, is not sustained.    The statute requires that a newspaper be circulated in or near its place of publication to the extent of at least two hundred forty copies regularly delivered to paying subscribers.    The circulation of the paper in question is sufficient, both as to character and extent.

Order affirmed.