## LEGAL LEDGER, INC. v. FRANK HODGSON.[1]

December 28, 1928.

No. 27,193.

See 20 R. C. L. 203; 5 R. C. L. Supp. 1091.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.
*James M. Moore,* for respondent.

PER CURIAM.

This is an appeal from a judgment of the district court of Ramsey county in favor of plaintiff for the price of publishing a notice of execution sale in the Saint Paul Legal Ledger.

The sole question presented is whether the Legal Ledger is a newspaper qualified to publish legal notices. To be qualified to publish such notices the paper must be of the character and be published in the manner and to the extent prescribed in G. S. 1923, § 10935. It is conceded that the Legal Ledger complies with all the provisions of the statute defining a legal newspaper except the requirement that it shall "contain general and local news, comment and miscellany." Whether it complies with this requirement is the question in dispute.

A copy of the paper admitted to be a typical sample of it is in evidence. It contains a list of the courts and judges; of new suits begun; of judgments

[1]Reported in 222 N. W. 646.

entered; of judgments satisfied; of deeds recorded; of mortgages and other liens filed; of mortgages and other liens released; of new corporations organized; of automobiles registered; of marriage licenses issued; of births and deaths; of building, plumbing, heating and electrical permits issued; and of changes of address of business men. It also contains advertisements of various kinds and about three columns of legal notices; the rates of foreign exchange, and an item relating to foreign loans; a two-column review of agricultural and stock-raising conditions; an article relating to the quantity and value of grain and grain products exported as compared with those of the previous year; and over a column of other items and miscellaneous matter.

Substantially the same question raised here was considered and determined adversely to appellant in Olsen v. Bibb Co. 117 Minn. 214, 135 N. W. 385, Ann. Cas. 1913D, 877. We see no reason to doubt the correctness of that decision, and follow and apply it. As stated in that case, the courts of other states are practically uniform in holding that papers of the character of the one in question are newspapers within the law requiring legal notices to be published in a newspaper. To the cases there cited may be added Hanscom v. Meyer, 60 Neb. 68, 82 N. W. 114, 48 L. R. A. 409, 83 A. S. R. 507; Kellogg v. Carrico, 47 Mo. 157; Baldwin v. Brown, 193 Cal. 345, 224 P. 462. The definition of a newspaper given in cases in which it is not defined by statute differs but little from the definition given in our statute.

Judgment affirmed.