HIGGINS, Justice.
 

 This is an appeal by an adjudicatee from a judgment ordering him to take title to a piece of real estate which he bid in at public sale in a foreclosure proceeding. The sole reason assigned by him for not accepting title to the property is that the notices of sale were published in “The Caddo Gazette,” which he claims is not a newspaper qualified to advertise legal notices of sale under the provisions of section 16 of Act No. 49 of 1877.
 

 In the case of McDonald v. Shreveport Mut. Bldg. Ass’n, 178 La. page 645,152 So. 318, 320, this court considered the identical question raised here and, in interpreting the provisions of section 16 of the statute, said:
 

 “The question of whether a publication is a newspaper as defined in the decisions is always one which must be determined from the facts presented in each particular case. And, while, as stated in 20 R. C. L., at page 203, ‘It is difficult, if not impossible, to determine with clearness and exactness where the lines of demaxkation should be drawn between a newspaper, in a legal and common acceptation of the term, and the numerous publications devoted to some special purpose, and which circulate only among a certain class of people, and which are not within tíre purview of statutes requiring publication of
 
 *116
 
 legal notices in some newspaper,’ nevertheless, keeping in mind the primary purpose of publishing legal notices and judicial advertisements is to give them the widest publicity possible,! it would be manifestly unjust, as well as against the spirit of the law, to class as a newspaper any publication catering to a particular group of the people, unless such publication clearly possesses the general characteristics of a newspaper as the term is ordinarily and popularly understood. This view is supported by our decision in State ex rel. Item Co., Ltd., v. Commissioner of Public Finances, 161 La. 915, 109 So. 675, 676."
 

 The facts in the case are undisputed. “The Caddo Gazette” is- printed on paper 15% inches wide by 22 inches .long, with seven columns to a page, and ranges from four to six pages an issue. It is published semiweekly on Tuesdays and Fridays. The subscription rate is $1 per year and there are 1,043 regular subscribers. The paper is distributed among subscribers residing in cities, towns, villages, and suburbs in the parish of Caddo, thereby practically circulating throughout the entire parish. According to the federal census of 1930, the parish had a population of 124,670. An analysis of the census shows there were approximately 23,415 families representing potential subscribers. The subscribers to the paper are engaged in 146 different occupations.
 

 For the purpose of collecting and assembling general news, the paper employs five reporters in the city of Shreveport, where it is sold at three news stands. Twenty reporters are employed in the towns and the rural sections of the parish where the paper is delivered by carriers and rural mail delivery. The publication is entered as second-class mail in the post office at Shreveport.
 

 “The Caddo Gazette” is a member of the National Editorial Association of Chicago, and subscribes to the Western Newspaper Union, through which it purchases and receives news of national and general interest. It employs its own editorial writer and purchases syndicated news such as the “National News Digest,” by Edward W. Picard; a column on National Events of general interest and features written by Arthur Brisbane, Ed. Howe, and Will Rogers. It also publishes weather reports and local and general news of the various cities, towns, and villages in the parish relating ¿o matters of a religious, social, political, legal, commercial, business, and professional nature. It carries comic strips and pictures of an interesting and informative character.
 

 It is our opinion that the publication is a newspaper within the meaning and contemplation of section 16 of Act No. 49 of 1877, as construed by this court. See, also, State v. Rose, 93 Fla. 1018, 114 So. 373; Continental Life Ins. Co. v. Mahoney, 185 Ark. 748, 49 S. W.(2d) 371; Williamson v. Nixon, 187 Ark. 762, 62 S.W.(2d) 24; Burak v. Ditson, 209 Iowa, 926, 229 N. W. 227, 68 A. L. R. 538; Olsen v. Bibb Co., 117 Minn. 214, 135 N. W. 385, Ann. Cas. 1913D, 877; Legal Ledger, Inc., v. Hodgson, 176 Minn. 635, 222 N. W. 646; Puget Sound Pub. Co. v. Times Printing Co., 33 Wash. 551, 74 P. 802-804 ; 20 Ruling Case Law 201-203 ; 46 C. J., pp. 18, 19.
 

 For the reasons assigned, the judgment appealed from is affirmed.