Debra Lee STUART, Appellant,

v.

STATE of Iowa ex rel. Larry D. JAN-NINGS, Probation Officer, Appellee.

No. 2–59298.

Supreme Court of Iowa.

May 25, 1977.

Wilson, Goodhue & Fowler by James F. Fowler, Indianola, for appellant.

Richard C. Turner, Atty. Gen., Richard H. Doyle IV, Asst. Atty. Gen., Richard J. Murphy, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

RAWLINGS, Justice.

Debra Lee Stuart (defendant) takes permissive appeal from concurrently entered orders by Clarke County Juvenile Court overruling a special appearance and transferring a felony-based delinquent child proceeding for proper action under the criminal law. We reverse.

January 16, 1976, Debra was arrested in connection with an alleged breaking and entering of a Clarke County farm home.

January 29, juvenile probation officer Larry Jannings executed an attendant verified delinquency petition.

February 1, Debra attained her 18th birthday.

February 3, Jannings filed said petition in Clarke County Juvenile Court. Concomitantly, Jannings filed an "application to transfer to adult court".

February 6, an order was entered fixing February 17 as the time for hearing on the delinquency petition and transfer application. Ten minutes before the noticed hearing time, Debra's attorney filed a special appearance thereby alleging, in substance, (1) the juvenile court had not assumed or exercised exclusive original jurisdiction before Debra reached age 18; (2) jurisdiction was lacking to either entertain the delinquency petition or order a transfer for prosecution under criminal law; and (3) Clarke District Court had no jurisdiction absent a transfer before Debra reached her 18th birthday.

A transcript of the February 17 proceedings is before us. This is the prefatory hearing-based statement:

"THE COURT: In regard to the above-captioned matter, being Juvenile No. 167, there is for decision by the Court an application to transfer to adult court; and there is also the special appearance of Debra Lee Stuart. And it's the Court's understanding that by way of agreed facts the record may show that the alleged offense occurred on January 16, 1976."

There follows what may be best described as terse agreements between judge and counsel as to relevant times, with no direct reference to issues before the juvenile court. And this is the final transcript remark: "THE COURT: Off the record." Thereupon the "case was closed".

February 27, Debra's special appearance was overruled, and upon a finding she had "reached her 18th birthday on February 1, 1976", the cause was ordered transferred to district court.

The record also reflects the filing of a county attorney's information, time not shown, charging Debra with breaking and entering in violation of Section 708.8, The Code.

As stated by defendant, these are the issues raised on this appeal:

(1) Did Clarke Juvenile Court obtain jurisdiction over appellant before she reached her 18th birthday?

(2) If not, could it obtain or exercise its exclusive original jurisdiction by filing a delinquency petition and/or transfer application thereafter?

(3) Did the Clarke Juvenile Court lose its exclusive original jurisdiction over appellant by failing to file a delinquency petition or transfer application, or by failing to have a hearing thereon or otherwise act before appellant reached her 18th birthday?

(4) Was appellant transferred to Clarke Juvenile Court in substantial compliance with Sections 232.64–232.66, The Code 1975?

(5) If Clarke Juvenile Court did not obtain or exercise its exclusive original jurisdiction over appellant within the time or in the manner specified by Ch. 232, does the Clarke District Court have jurisdiction to prosecute her as an adult for an offense allegedly committed before her 18th birthday?

(6) Did the Clarke Juvenile Court err in overruling appellant's special appearance?

Not all claims thus made need be specifically considered.

I. Defendant initially contends a juvenile court has no jurisdiction where the person involved is under 18 at time of an alleged offense but attains that age before attendant proceedings are there initiated. Stated otherwise, the question put is whether a juvenile court's jurisdiction is determined by age at time of the given offense or when related juvenile proceedings are commenced. Apparently, this is for us a matter of first impression.

Courts in other jurisdictions, when faced with this problem, have adopted fractionated views. See 47 Am.Jur.2d, Juvenile Courts, Etc., § 27; 43 C.J.S. Infants § 98 b.(2)(b); Annots., 89 A.L.R.2d 506; 48 A.L.R.2d 663, 695. It would appear, however, the demarcations stem largely from variant statutory schemes. Therefore, our analysis will focus upon relevant in *pari materia* provisions of ch. 232. See *Catholic Char. of Arch. of Dubuque v. Zalesky*, 232 N.W.2d

539, 544 (Iowa 1975); 2A Sutherland, Statutory Construction, §§ 51.02–51.03 (4th ed. 1973). See *Northern Natural Gas Company v. Forst*, 205 N.W.2d 692, 695 (Iowa 1973); *Mallory v. Paradise*, 173 N.W.2d 264, 266 (Iowa 1969).

Section 232.2(3) defines a "minor" or "child" as "a person less than eighteen years of age * * * ."

Section 232.62 says: "The criminal court shall have concurrent jurisdiction with the juvenile court over children less than eighteen years of age who commit a criminal offense."

Section 232.63, as amended by 1975 Session, Sixty-Sixth General Assembly, ch. 142, § 10, states:

"The juvenile court shall have exclusive original jurisdiction, only, in proceedings concerning any child alleged to be delinquent, or a child alleged to be in need of assistance, and in proceedings for termination of parental rights under sections 232.41 through 232.50, and in proceedings concerning any minor alleged to have been a delinquent prior to having become eighteen years of age except as otherwise provided by law."

Section 232.67 provides: "Jurisdiction obtained by the court in the case of a minor shall be retained by the court until the minor becomes eighteen years of age unless terminated prior thereto by order of court or provision of law. * * *."

Section 232.26 contains a similar statement.

The foregoing would facially imply our juvenile courts lose jurisdiction once a child becomes 18. See *In Interest of Storm*, 223 N.W.2d 170, 172 (Iowa 1974).

But as observed in *Northern Natural Gas Company v. Forst*, 205 N.W.2d at 695, other statutory enactments and guiding precepts must be considered in determining the true legislative intent and purpose.

So we look to section 232.64 which significantly declares:

"All juveniles appearing in any court other than the juvenile court and charged

with a public offense not exempted by law and who are under eighteen years of age *or who were under eighteen years of age at the time of the commission of the alleged offense shall immediately be transferred to the juvenile court of the county."* (emphasis supplied).

In *Mallory v. Paradise*, 173 N.W.2d at 268, we held the above quoted enactment: "* * * is a direct requirement that a juvenile *must* be transferred to juvenile court if he appears in any other court charged with a public offense not exempted from the operation of chapter 232."

■ Admittedly, this statement from *Mallory* is not instantly dispositive. Therefore, absent prior pertinent decisions by this court we look to relevant holdings in other jurisdictions. See generally *State v. Jaeger*, 249 N.W.2d 688, 690 (Iowa 1977); *Goergen v. State Tax Commission*, 165 N.W.2d 782, 788 (Iowa 1969); *Burak v. Ditson*, 209 Iowa 926, 928, 229 N.W. 227 (1930); 20 Am.Jur.2d, Courts, § 203; 21 C.J.S. Courts § 204.

Recently, in a case involving similar though not identical statutes, juvenile courts were held to have jurisdiction over individuals under 18 at time of an alleged offense even though the party be over 18 when proceedings are commenced. See *State v. Fleming*, 302 Minn. 61, 223 N.W.2d 397 (1974). As supportively stated, id., at 400:

"It seems clear to us that the essential question therefore is not when prosecution takes place, but rather, when the alleged violation took place. The purpose of the statute is to protect juveniles from acts committed when presumably they were not of mature mind and body."

Cf. *State v. Dugan*, 297 Minn. 374, 211 N.W.2d 876, 878 (1973).

Another well reasoned case holding to the same effect is *P.H. v. State*, 504 P.2d 837 (Alaska 1972). This is the court's rationale, id., at 841–842:

"For a number of reasons we have determined that the phrase 'under 18 years of age' refers to the age of the accused person at the time of the alleged offense. First, as a general rule, the punishment for an offense is governed by the law in effect at the time the offense is committed. More fundamentally, we note the principal precept behind the children's court concept: that a person under eighteen years of age does not have mature judgment and may not fully realize the consequences of his acts, and that therefore he should not generally have to bear the stigma of a criminal conviction for the rest of his life. To allow officials charged with the execution of the law to prosecute a child offender as a criminal merely by deferring action until the child's eighteenth birthday would frustrate this purpose. Finally, serious constitutional issues would arise if the nature of the proceedings against a child offender were to depend on the arbitrary decision of law enforcement officials."

This court is satisfied the foregoing views comport with the above quoted § 232.64 mandate. Any other finding would, in effect, serve to impermissibly excise § 232.64 from the Code. See *Iowa Civil Rights Com'n v. Massey-Ferguson, Inc.*, 207 N.W.2d 5, 7 (Iowa 1973). Also, the legislative intent and purpose thereby expressed would be otherwise defeated. See *State v. One Certain Conveyance*, 1971 Honda 350, etc., 211 N.W.2d 297, 299–300 (Iowa 1973). See also Code § 4.1(36)(a). Furthermore, the cited Act has all the characteristics of a special statute while the others are general so the latter must prevail to the extent here involved. See *Ritter v. Dagel*, 261 Iowa 870, 881, 156 N.W.2d 318 (1968); 2A Sutherland, Statutory Construction, § 51.05 (4th ed. 1973). Additionally, any other stance could serve to unrealistically place Debra in a virtual "no-man's land", amenable to the jurisdiction of neither the juvenile nor district court. See generally *Lynch v. Bogenrief*, 237 N.W.2d 793, 796 (Iowa 1976); *Domain Industries v. First Sec. Bank & Trust*, 230 N.W.2d 165, 169 (Iowa 1975); *State v. McGuire*, 200 N.W.2d 832, 833 (Iowa 1972).

■ Mindful of the foregoing we now hold, (1) in determining whether a juvenile

or district court has original jurisdiction over an individual, the person's age at time of an alleged criminal act is decisive, not his age when correlative proceedings are commenced, and (2) when a juvenile court thus acquires jurisdiction it continues until the delinquency charge or charges have been properly heard and disposition thereof made, or the alleged violation is referred to the appropriate prosecuting authority for action under the criminal law, all as statutorily provided.

Parenthetically, it is also apparent this appeal cannot be dismissed for mootness despite State's claim to the contrary. See *State v. Weidner*, 6 Or.App. 317, 484 P.2d 844, 846 (1971).

II. Another issue presently raised by Debra relates to the meager hearing provided upon her special appearance and transfer-related hearing.

Although the presiding juvenile court judge, by his above quoted prefatory statement, alluded to defendant's special appearance and transfer application as matters "for decision", nothing thereafter said or done, of record, substantially touches upon those matters. But, the State argues defendant did nothing below upon which to predicate the errors now urged. This means we must initially determine whether defendant preserved these asserted errors for appellate review. See generally *State v. Smith*, 228 N.W.2d 111, 112 (Iowa 1975). Compare *State v. Wisniewski*, 171 N.W.2d 882, 886–887 (Iowa 1969).

■ Focusing first upon defendant's special appearance it is evident she thereby challenged juvenile court's jurisdiction of the subject matter. See *State ex rel. Iowa St. Hwy. Com'n v. Read*, 228 N.W.2d 199, 202 (Iowa 1975); 20 Am.Jur.2d, Courts, § 105.

It will at this point be recalled the juvenile court judge, during the abbreviated February 17, 1976, hearing, neither invited nor opened the door for presentation of any evidence relative to the above noted subjects. Additionally, no ruling upon defendant's special appearance was then made. In fact, the attendant order was first articulated in the February 27 adjudication. Thus it would appear defendant was never below accorded opportunity to "preserve error". In fact, there existed no evidence upon which findings could be made per Iowa R. Civ. P. 179(a). In turn, defendant had no basis upon which to invoke rule 179(b) for enlargement of findings and conclusions.

■ On the other hand, we have repeatedly held there is no preservation of error when a "motion" is not ruled upon by trial court and no timely request or demand for ruling has been made. See *State v. Pelelo*, 247 N.W.2d 221, 226 (Iowa 1976). It still remains, however, a special appearance is not a motion in the classic sense. Rather it relates only to jurisdiction. See *Boye v. Mellerup*, 229 N.W.2d 719, 721 (Iowa 1975); *Bennett v. Ida County*, 203 N.W.2d 228, 234 (Iowa 1972); *Reynolds v. Nowotny*, 189 N.W.2d 557, 562 (Iowa 1971); *Jansen v. Harmon*, 164 N.W.2d 323, 326 (Iowa 1969); *Raley v. Terrill*, 253 Iowa 761, 765, 113 N.W.2d 734 (1962); Iowa R. Civ. P. 66, 110. See also 5 Am.Jur.2d, Appearance, §§ 2–3; 6 C.J.S. Appearances §§ 4–6.

■ Moreover, absence of requisite subject matter jurisdiction may be raised at any time, even on appeal. See *Bowen v. Story County Board of Supervisors*, 209 N.W.2d 569, 572 (Iowa 1973). And, unlike jurisdiction of the person, it cannot be waived or vested by consent. See *State ex rel. Iowa St. Hwy. Com'n v. Read*, 228 N.W.2d at 202; *Green v. Sherman*, 173 N.W.2d 843, 846 (Iowa 1970).

In any event, as heretofore stated, the February 27, 1976, order specifically overruled Debra's special appearance and nothing more was required in order to preserve any attendant error. Therefore, we entertain the presently involved issue.

To all intents and purposes our holding in Division I of this opinion is dispositive, i. e., the juvenile court did have jurisdiction of the subject matter. Consequently, defendant's special appearance was correctly overruled.

III. What then of the transfer order? Manifestly, this adjudication was premised upon no evidential showing whatsoever. Looking first to procedural responsibilities, defendant postulates she was in no position to demand an evidential transfer hearing because Iowa R. Civ. P. 66 essentially precludes a specially appearing party from taking part in any hearing or trial prior to an adverse adjudication thereon. Under existing circumstances the plausibility of this stand need not be determined.

▇▇▇ Briefly stated, total absence of any meaningful transfer hearing so manifests potential prejudice as to dictate appellate review. See *Rogers v. United States*, 422 U.S. 35, 40, 95 S.Ct. 2091, 2095, 45 L.Ed.2d 1 (1975); *Silber v. United States*, 370 U.S. 717, 718, 82 S.Ct. 1287, 1288, 8 L.Ed.2d 798 (1962). In fact, *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), holds that constitutional due process mandates an appropriate hearing upon which a juvenile court may determine whether to retain or transfer jurisdiction. See generally *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975). See also Code § 232.72; 22 Drake L.Rev. 213 (1972).

Without question, the present case patently violates the *Kent* directive which in turn leaves us no choice but to reverse and remand this cause to the Juvenile Court of Clarke County for requisite hearing on the previously filed "application to transfer to adult court".

Parenthetically, *State v. Speck*, 242 N.W.2d 287, 292–294 (Iowa 1976), discusses and enunciates the guiding criteria by which the retention or transfer issue is to be resolved. See also *State v. Halverson*, 192 N.W.2d 765, 766–769 (Iowa 1971).

There is no need to consider other issues raised by this appealing party.

Reversed and remanded with directions.