# IN THE COURT OF APPEALS OF IOWA

No. 18-1909
Filed January 23, 2020

**IN THE INTEREST OF J.H.,**
**Minor Child,**

**J.H.,**
          Appellant.
_____

          Appeal from the Iowa District Court for Pottawattamie County, Craig M.

Dreismeier, Judge.

          J.H. appeals a juvenile court order requiring him to register as a sex

offender.  **AFFIRMED.**

          Marti D. Nerenstone, Council Bluffs, for appellant.

          Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

          Heard by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**VAITHESWARAN, Presiding Judge.**

A minor who turned eighteen during his delinquency proceedings appeals a juvenile court order requiring him to register as a sex offender.

## I.    *Background Facts and Proceedings*

The State filed a petition asserting J.H. committed delinquent acts of third-degree sexual abuse and incest.  J.H. admitted the allegations during a colloquy with the juvenile court.  The court filed a "consent decree order" suspending the proceedings, placing J.H. on probation and in group foster care, and "waiv[ing] the requirement that the minor child register as a sex offender in accord with the provisions of [Iowa Code] section 692A.103(3) [(2013)]."  The order was filed in 2015 when J.H. was fifteen years old.

In 2017, the court revoked the consent decree based on J.H.'s failure to successfully complete programming.  The court adjudicated the child delinquent and ordered his placement at the State Training School, under the custody of the department of human services.  The court further ordered "that if the minor child is not at an appropriate level for discharge on his eighteenth birthday, then his guardianship, care, custody, and control of the minor child is to remain with the [department] for continued placement at the State Training School beyond his eighteenth birthday."  The court "waive[d] the requirement that the minor child register as a sex offender . . . at this time."

A few days before J.H.'s eighteenth birthday, the juvenile court extended guardianship, care, custody, and control of J.H. beyond his eighteenth birthday, for placement at the training school.  J.H. agreed to the extension.  The court again

"waive[d] the requirement that the minor child register as a sex offender in accord with the provisions of section 692A.103(3)."

Several months after J.H.'s eighteenth birthday, the juvenile court determined that he failed to successfully complete an adolescent sex abuse program at the training school. The court discharged him from the school, transferred him to the custody of his father, terminated juvenile court jurisdiction, and ordered him "to register as a sex offender pursuant to provisions within Iowa Code [section] 692A." The court denied a motion for enlarged findings and conclusions, except to modify a residency restriction.

On appeal, J.H. contends (A) the juvenile court lacked jurisdiction to require sex offender registration after he turned eighteen and (B) the colloquy preceding the consent decree was insufficient to support a requirement for him to register as a sex offender.

## II. Analysis

### A. Jurisdiction

Preliminarily, the State contends J.H. failed to preserve error on his jurisdictional challenge. We agree.[1] That said, both parties concede we may

---

[1] The parties refer to the court's "jurisdiction." Our courts have differentiated between "subject matter jurisdiction," which may be raised at any time and is not waived, and the "authority" of a court to hear a case, which is waived if not challenged. *See State v. Yodprasit*, 564 N.W.2d 383, 385 (Iowa 1997). J.H.'s argument implicates the juvenile court's authority to hear the case, rather than its subject matter jurisdiction. *See State v. Emery*, 636 N.W.2d 116, 123 (Iowa 2001) (holding "sections 232.8 [referring to the court's exclusive original jurisdiction] and 232.45 [setting forth waiver procedure to district court] address the authority of the district court to adjudicate charges of delinquent acts, not its subject matter jurisdiction over such cases"). In reaching this conclusion, we recognize *Emery* addressed district court rather than juvenile court jurisdiction. But the court's reasoning applies equally to juvenile court jurisdiction. The court cited section

review the issue under an ineffective-assistance-of-counsel rubric. *See In re M.L.*, 868 N.W.2d 456, 459–60 (Iowa 2015) (concluding statutory right to counsel in delinquency cases implies right to effective counsel and holding criminal effectiveness standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) applies in delinquency context). J.H. must establish counsel performed deficiently and prejudice resulted. *See Strickland*, 466 U.S. at 687.

J.H.'s argument that the juvenile court lacked authority to impose the sex offender registration requirement after he turned eighteen goes as follows: (1) the "consent decree order" filed when he was fifteen was a dispositional order; (2) Iowa Code section 232.53(2) states a dispositional order filed before a child turns seventeen "automatically terminate[s] when the child becomes eighteen years of age, except as provided in subsection 3"; and (3) subsection 3, which authorizes an extension of dispositional orders for juveniles "required to register as a sex offender" is inapplicable because he was never "required to register" before he turned eighteen.

J.H. faces a significant hurdle with the first prong of his argument: the 2015 consent decree order filed before J.H. turned seventeen was not a "dispositional" order. *See* Iowa Code §§ 232.50, .52. It was a pre-adjudication "consent decree."

---

232.8 and explained, "'Iowa has only one court of original jurisdiction, the district court,' which 'has separate dockets for civil, criminal, juvenile, probate, small claims, and simple misdemeanor cases.'" *Id.* at 122 (quoting *Woodbury Cty. Att'y v. Iowa Dist. Ct.*, 448 N.W.2d 20, 21 (Iowa 1989)); *but see Stuart v. State ex. rel. Jannings*, 253 N.W.2d 910, 914 (Iowa 1977) (addressing juvenile court jurisdiction and stating "absence of requisite subject matter jurisdiction may be raised at any time"). In light of our conclusion that J.H.'s argument implicates the juvenile court's authority to hear the case and not its subject matter jurisdiction, we conclude J.H. waived error by failing to raise the issue in the juvenile court proceedings.

*See id.* § 232.46(1)(a) ("At any time after the filing of a petition and *prior to entry of an order of adjudication* pursuant to section 232.47, the court may suspend the proceedings on motion of the county attorney or the child's counsel, enter a consent decree, and continue the case under terms and conditions established by the court." (emphasis added)); *M.L.*, 868 N.W.2d at 460 ("A consent decree provides a way for juvenile proceedings to be suspended short of an adjudication of delinquency.").

We recognize the hearing preceding the 2015 consent order was styled an "adjudication/disposition" proceeding and the juvenile court made reference to a "disposition." But the result of the proceeding was a consent decree suspending further proceedings. *See* Iowa Code § 232.46(1)(a).[2] The juvenile court did not adjudicate J.H. to have committed the delinquent acts for almost two more years. As noted, the 2017 order placed guardianship, care, custody, and control of J.H. with the department for placement at the State Training School. This is a statutorily authorized disposition. *See id.* 232.52(2)(e). The 2017 order, rather than the 2015 consent decree, was the dispositional order.

This brings us to the second prong of J.H.'s argument. The duration of a dispositional order depends on when the order was filed. *See id.* § 232.53(2). If

---

[2] In addition to suspending the proceedings, the court ordered the child placed with juvenile court services for placement in group foster care, a disposition that is now authorized by section 232.46(1)(a)(5). *See* 2014 Iowa Acts ch. 1141, § 74. *Cf. State v. Iowa Dist. Ct.*, 828 N.W.2d 607, 616–17 (Iowa 2013) ("[W]e find that section 232.46 is a less restrictive alternative, analogous to the suspended judgment, whereby a child can remain with his parent or parents under supervision, restrictions, or restitutionary obligations without being adjudicated delinquent. It does not authorize a juvenile court to change temporary custody, send a child to a residential facility, and require State payment.").

the order was filed before the child turned seventeen, the order automatically terminates when the child turns eighteen unless the child is required to register as a sex offender. *Id.* On the other hand, "[d]ispositional orders entered subsequent to the child attaining the age of seventeen years and prior to the child's eighteenth birthday shall automatically terminate one year and six months after the date of disposition." *Id.*

As discussed, J.H.'s dispositional order was filed after he turned seventeen. Accordingly, the order did not automatically terminate for one year and six months following disposition. *Id.* The juvenile court required J.H. to register as a sex offender during this one-year-and-six-month period. Because the court retained authority over J.H. during the window despite his transition to adulthood, the order was not illegal. *See id.*; *see also id.* § 692A.103(1) ("A person who has been convicted of any sex offense classified as a tier I, tier II, or tier III offense . . . shall register as a sex offender as provided in this chapter . . . ."); *id.* § 692A.103(3) ("A juvenile adjudicated delinquent for an offense that requires registration shall be required to register as required in this chapter unless the juvenile court waives the requirement and finds that the person should not be required to register under this chapter."); *see generally id.* § 692A.102(1)(b)(18) (providing that incest committed against a minor in violation of section 726.2 is a tier II offense requiring registration); *id.* 692A.102(1)(c)(11) (providing that third-degree sexual abuse in violation of section 709.4(2)(b), if committed by a person fourteen years of age or older, is a tier III offense requiring registration); *In re T.H.*, 913 N.W.2d 578, 583 (Iowa 2018) ("Generally, this registration requirement applies to juvenile offenders. Juveniles adjudicated delinquent of a qualifying

offense are considered 'convicted' for registration purposes."). It follows that J.H.'s attorney did not perform deficiently in failing to bring this issue to the juvenile court's attention. In light of our conclusion, we need not reach the third prong of J.H.'s argument asserting the statutory extension for dispositional orders filed before he turned seventeen was inapplicable. *See* Iowa Code § 232.53(3).[3]

J.H. next argues the juvenile court's early waivers of the sex offender registration requirement were "analogous to an acquittal," rendering later imposition of the requirement a violation of his "right to be free from double jeopardy." J.H. cites no authority for the proposition that the Double Jeopardy Clause of the United States Constitution was implicated or violated by the court's actions. We find the argument unpersuasive. On our de novo review, we conclude counsel did not perform deficiently by failing to challenge the registration order on acquittal/double jeopardy grounds.

### B.    Consent Decree

J.H. contends the juvenile court was obligated to inform him about the sex offender registration requirement at the time of the consent decree proceeding, and the court's colloquy with him was "insufficient." The State responds by again noting an error preservation concern—J.H.'s failure to appeal the court's initial orders. But, as the State acknowledges, the issue may be reviewed under an ineffective-assistance-of-counsel rubric.

---

[3] Iowa Code section 232.53(3) states: "A dispositional order entered prior to the child attaining the age of seventeen, for a child required to register as a sex offender pursuant to the provisions of chapter 692A, may be extended one year and six months beyond the date the child becomes eighteen years of age."

Preliminarily, we address the nature of the challenged proceeding. Both J.H. and the State equate the consent proceeding with a guilty plea proceeding, with J.H. citing the plea-taking requirements of Iowa Rule of Criminal Procedure 2.8(2)(b) and the State urging us to examine the delinquency plea requirements of Iowa Code section 232.43. Although the record is not entirely free of ambiguity, we believe the hearing preceding the "consent decree order" was not a plea hearing governed by section 232.43 but a consent hearing governed by section 232.46.

Section 232.46 prescribes the following procedures:

> A consent decree shall not be entered unless the child and the child's parent, guardian or custodian is informed of the consequences of the decree by the court and the court determines that the child has voluntarily and intelligently agreed to the terms and conditions of the decree. If the county attorney objects to the entry of a consent decree, the court shall proceed to determine the appropriateness of entering a consent decree after consideration of any objections or reasons for entering such a decree.

Iowa Code § 232.46(3).

The juvenile court informed J.H. of the consequences of the consent decree, as required by section 232.46(3). Most pertinently, the court addressed the sex offender registration requirement as follows:

> Given the fact that I've granted you a request for a Consent Decree, first and foremost you are not required to register as a sex offender. If for some reason your Consent Decree is taken away, this Court will review whether or not registry requirements will be something we have to address, but for now that's not something I'm going to worry about.

On our de novo review, we conclude J.H.'s attorney did not perform deficiently when she failed to challenge the substance of the colloquy preceding the 2015 consent decree.

We also conclude J.H. cannot establish *Strickland* prejudice. At the hearing preceding imposition of the sex offender registration requirement, J.H. was asked whether he understood "that at some point [he] could end up on the sex offender registry." He responded, "Yes, I do." Based on his admission, there is no reasonable probability J.H. would have foregone a consent decree but for counsel's failure to challenge the adequacy of the colloquy.

Having concluded J.H.'s attorney performed effectively, we need not address J.H.'s contention that "defense counsel['s] performance was so deficient as to cause structural error."

We affirm the juvenile court order requiring J.H. to register as a sex offender.

**AFFIRMED.**